**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RAUL ZAPATA, *et al*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| VS. | § | **CIVIL ACTION NO. 4:16-CV-676** |
| | § | |
| FLOWERS FOODS INC., *et al*, | § | |
| | § | |
| **Defendants.** | § | |

<u>**MEMORANDUM AND ORDER**</u>

Pending before the Court is Plaintiffs' Motion to Dismiss Defendants' Counterclaim (Doc. No. 23).[1] After considering the Motion, the response thereto, and all applicable law, the Court determines that the Motion should be denied.

**I.    BACKGROUND**

This is an FLSA case alleging unpaid overtime wages and misclassification of employees as independent contractors. On July 26, 2016, Defendants filed an Amended Answer to the Complaint which asserted a counterclaim of unjust enrichment. (Doc. No. 16 ¶¶ 85-90.) Defendants argue that, if Plaintiffs prevail on their claim that they were employees, then Plaintiffs should not be permitted to retain certain benefits to which only independent contractors are entitled. *Id*. These include profits (the difference between the wholesale price and discounted price for certain goods) and earnings from the sale of territories. *Id*. To do retain those benefits while also receiving damages for unpaid overtime, Defendants argue, would be unjust enrichment. *Id*. Defendants ask that the value of those profits and earnings be awarded to Defendants as damages or used to offset any award of damages to Plaintiffs. *Id*.

---

[1] Plaintiffs' Motion also contains a response to Defendants' request for dismissal under Rule 12(b)(6). The Court declines to rule on that issue because Defendants have not filed a Motion to Dismiss under Rule 12(b)(6).

Plaintiffs have moved to dismiss Defendants' unjust enrichment counterclaim for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. (Doc. No. 23.)

## II. SUBJECT-MATTER JURISDICTION

Plaintiffs first challenge Defendants' counterclaim for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Defendants concede that their counterclaim is permissive, not compulsory, and they do not argue the existence of federal question or diversity jurisdiction. Instead, Defendants urge the Court to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a). Section 1367(a) gives district courts supplemental jurisdiction over counterclaims that are so closely related that they form part of the same case or controversy. A court may exercise supplemental jurisdiction "when the state and federal claims 'derive from a common nucleus of operative facts' such that the parties 'would ordinarily be expected to try them all in one judicial proceeding.'" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 580 (2005). A district court may decline to exercise supplemental jurisdiction if there are "exceptional circumstances" to decline jurisdiction. 28 U.S.C. § 1367(c)(4).

The Court finds that the claim and counterclaim derive from a common nucleus of operative facts, justifying the exercise of supplemental jurisdiction. The central issue for both claim and counterclaim is whether or not the Plaintiffs were employees improperly classified as independent contractors. Plaintiffs argue that, in order to prevail on their counterclaim of unjust enrichment, Defendants will have to prove other facts besides employee misclassification. However, this does not change the fact that the central legal and factual question is the same. Because Defendants' counterclaim is conditioned on a finding that the employees were misclassified, the claim and counterclaim are opposite sides of the same coin.

There is no compelling reason for the Court to decline jurisdiction under 28 U.S.C. § 1367(c)(4). In support of their argument to decline jurisdiction, Plaintiffs have cited cases which express a preference to avoid cluttering FLSA cases with "the minutiae of other employer-employee relationships." *See Martin v. Pepsi Am., Inc.*, 628 F.3d 738, 741 (5th Cir. 2010). Defendants' counterclaim, however, is inextricably tied into Plaintiffs' misclassification and overtime claims. Plaintiffs have thus failed to identify any "exceptional circumstances" that would warrant declining jurisdiction.

## III.   FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Next, Plaintiffs challenge Defendants' counterclaim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.' " *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must contain sufficient factual matter that, if it were accepted as true, it would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S at 556). The plausibility standard "is not akin to a 'probability requirement,' " though it does require more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions

are not entitled to the same assumption of truth. *Iqbal*, 556 U.S. at 678 (citation omitted). The court should not "strain to find inferences favorable to the plaintiffs" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.' " *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc*., 365 F.3d 353, 361 (5th Cir. 2004)). The court should not evaluate the merits of the allegations, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp*., 355 F.3d 370, 376 (5th Cir. 2004).

Plaintiffs argue that Defendants have failed to allege facts to satisfy the elements of unjust enrichment. *Id*. In Texas, "[a] party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992); *see also Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550 (5th Cir. 2010). In their Amended Answer, Defendants allege that Plaintiffs would obtain an undue advantage if they were to retain the benefits they received as independent contractors and also receive damages for unpaid overtime as employees. The Court finds that this statement suffices to satisfy Rule 12(b)(6).

Plaintiffs further argue that Defendants failed to specify when and in what amounts Plaintiffs allegedly received benefits as independent contractors. (Doc. No. 38 at 10.) However, Defendants are not required to provide that level of specificity at the pleadings stage. Defendants' counterclaim provides enough information to give Plaintiffs fair notice of the nature of their counterclaim, and Defendants provide plausible factual allegations to support their claim.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Dismiss Defendants' Counterclaim (Doc. No. 23) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 19th day of December, 2016.

_____
HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE